**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SHAHEED GULLY a/k/a<br>DAJUAN CHAMBLAIN,<br><br>          Petitioner,<br><br>     v.<br><br>ALFARO ORTIZ, et al.,<br><br>          Respondents. | Civil No. 06-05397 (KSH)<br><br>**O P I N I O N** |

**APPEARANCES:**

    SHAHEED GULLY, #135684
    East Jersey State Prison
    Rahway, New Jersey  07065
    Petitioner <u>pro se</u>

    EDWARD J. DE FAZIO, Prosecutor, Hudson County
    SUSAN B. GYSS, Assistant Prosecutor
    Attorneys for Respondents

**HAYDEN**, <u>District Judge</u>

    On October 13, 2006, SHAHEED GULLY, also known as DAJUAN CHAMBLAIN (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a) (hereinafter "Petition"), with supporting Brief (hereinafter "Brief"), challenging a judgment of conviction in the Superior Court of New Jersey.  <u>See</u> Docket Entry No. 1.  On January 5, 2007, this Court directed Respondents to file a limited answer stating the dates of all filings made in the underlying state proceedings and specifying

all issues raised therein. See Docket Entry No. 2. On February 13, 2007, Respondents filed their answer (hereinafter Answer) which included, inter alia, Respondents' affirmative defense of Petitioner's failure to exhaust state remedies with respect to most of Petitioner's claims. See Docket Entries Nos. 7 and 9. Petitioner filed his Reply Brief (hereinafter "Traverse") on February 26, 2006, asserting that his State remedies were sufficiently exhausted as to all claims raised in his Petition. See Docket Entry No. 9. On April 13, 2007, this Court issued an order (hereinafter "April Order") dismissing the Petition without prejudice as unexhausted. See Docket Entry No. 10. On June 21, 2007, Petitioner filed with this Court a motion for reconsideration (hereinafter "Motion") indicating that Petitioner was of impression that his Petition was duly exhausted in the state courts. See Docket Entry No. 11. Recognizing that Petitioner's apparent good-faith misunderstanding of this Court's April Order might have resulted in Petitioner's disadvantaging his own rights, this Court directed the Clerk to reopen this matter in order to entertain Petitioner's Motion and provide Petitioner with additional clarifications as to the issue of exhaustion of Petitioner's remedies. See Docket Entry No. 12. The instant Opinion is dedicated to this very purpose.

2

## BACKGROUND

Petitioner challenges a judgment of conviction filed on January 8, 2000, in the Superior Court of New Jersey, Law Division, Hudson County, after a jury convicted him of two first-degree armed robberies, eluding and receiving stolen property. See Ans., Ex. Ra 7. Petitioner appealed his conviction (hereinafter "Direct Appeal") to the Superior Court, Appellate Division (which affirmed the conviction), and sought certification from the Supreme Court of New Jersey (which denied him certification on March 20, 2002). See id., Ex. Ra 68. On May 21, 2002, Petitioner filed with the Law Division his application for post-conviction relief (hereinafter "PCR"). See id., Ex. Ra 69-72. This PRC application was denied and, following an affirmation of such denial by the Superior Court of New Jersey, Appellate Division, the New Jersey Supreme Court denied Petitioner certification as to his PRC on September 6, 2006. See id., Ex. Ra 250.

In his instant Petition, Petitioner raises the following five grounds:

(1) "Petitioner was denied his constitutional right to fair trial when sheriff's officers paraded him in front of jurors while handcuffed and wearing prison garb";

(2) "Petitioner was denied fair trial by an unfair and unconstitutional voice identification";

(3) "Petitioner was denied due process by being convicted of armed robbery [while] acquitted on weapon[ possession charges]";

(4) "Petitioner was denied a fair trial by misuse of his alias[] suggest[ing] prior bad conduct";

(5) "Petitioner was denied . . . effective assistance of counsel . . . ."

Pet., Br. at 5-6, 8, 10, 12.

In his Direct Appeal, Petitioner alleged, through his appellate counsel, that (1) he "was [illegally] denied a jury trial on the [No Early Release Act, N.J.S.A. 2C:43-7.2] counts," and (2) his "sentence [was] manifestly excessive." See Ans., Ex. Ra 47. In addition, during his Direct Appeal, Petitioner filed a supplemental brief which challenged (1) Petitioner's trial court's jury instructions, (2) Petitioner's trial court's reliance on the Graves Act, N.J.S.A. 2C:43-6, and (3) "the out[-]of[-]court identification procedure [which] tainted the reliability of the in[-]court identification, since [a] police officer . . . brought [the] alleged robbery victim to [the] cell where [Petitioner] was [held]."[1]  See Ans., Ex. Ra 47-48.

---

[1] It appears that the very same claim was paraphrased and repeated by Petitioner in his supplemental brief in the form of an allegedly independent and separate claim that "police [conducted an] unlawful identification procedure [when police] brought [the alleged] victim to [the] cell[] where [Petitioner] was . . . held." Ans., Ex. Ra 49.

In his PRC application to the Law Division, Petitioner listed six claims, five of which were nearly identical to those raised in the instant Petition, while the sixth claim raised an accomplice liability challenge. See id., Ex. Ra 74; accord Pet., Br. at 5-6, 8, 10, 12. However, while appealing the denial of his PRC application to the Superior Court, Appellate Division, Petitioner raised *only* the following three challenges: (1) that Petitioner "received ineffective assistance of appellate counsel"; (2) that Petitioner "was denied fair trial [as a result of] the failure of [Petitioner's trial] court to instruct the jury on the lesser included offense"; and (3) that the Law Division "erred by evaluating the conduct of [Petitioner's] counsel [through] the benefit of hindsight . . . ." See id., Ex. Ra 169. Petitioner, however, alleges that "Petitioner's motions and pleadings in the State courts were sufficient to put the state on notice as to the claims and the relief sought." Traverse at 3; accord Motion.

## DISCUSSION

**A.  Exhaustion**

Petitioner errs asserting that the five claims raised in the instant Petition were properly exhausted in State courts by Petitioner's un-systemic references to *different* claims during *different* levels of State review. While Petitioner's claim alleging an unconstitutional voice identification appears to be

5

presented in a relatively systemic fashion to all levels of the State court,[2] the remaining claims contained in Petitioner's instant Petition appear to be raised -- or raised properly -- only at the level the Law Division.  Specifically, Petitioner's instant claims that "Petitioner was denied his constitutional right to fair trial when sheriff's officers paraded him in front of jurors while handcuffed and wearing prison garb," "Petitioner was denied due process by being convicted of armed robbery [while] acquitted on weapon [possession charges]" and "Petitioner was denied a fair trial by misuse of his alias[] suggest[ing] prior bad conduct" were raised solely in front of the Law Division, and did not allow the Appellate Division an opportunity to render on these allegations. Moreover, some of Petitioner's allegations that jointly create his current "bouquet-like" claim of ineffective assistance of counsel

---

[2] This conclusion is reached without relation to the fact that Petitioner's record before this Court is silent as to the specific issues raised by Petitioner to the Supreme Court of New Jersey during Petitioner's application for certification with respect to either his direct appeal or his PRC application.  Although Petitioner's tendency to sporadically choose and then abandon his claims at different levels of the State court review does not instill confidence in this Court as to the possibility that Petitioner raised to the Supreme Court of New Jersey all claims that he presented to the Appellate Division of the Superior Court, the Court, at the instant stage, gives Petitioner the benefit of the doubt by presuming that, while filing his applications for certification with the New Jersey Supreme Court, Petitioner raised the very same claims that were entertained by the Superior Court, Appellate Division, hence providing the New Jersey Supreme Court with an opportunity to render on the claims actually addressed by the Appellate Division during Petitioner's direct appeal, as well as during his PRC proceedings.

were raised in his PRC application to the Law Division but abandoned (or unrecognizably transformed, in the legal sense) during Petitioner's appeal to the Appellate Division. Compare Ans., Ex. Ra 81 (where Petitioner alleged to the Law Division that Petitioner' counsel was ineffective when the "[c]ounsel failed to object to the jury seeing [Petitioner] in handcuffs and prison garb") to Ans., Ex. Ra 196 (noting, in passing, to the Appellate Division that the Law Division improperly "dismissed [Petitioner's prison-garb-related] charge summarily" without alleging any ineffectiveness of counsel).

Petitioner's "mix-and-match" approach is insufficient to meet the exhaustion requirement. See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose, 455 U.S. at 515; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). In order to exhaust any claim, Petitioner must present *this very claim* to *every level of state court*. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)); Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions

7

in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509, 516-18 (1982).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

The exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  Therefore, a district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for *all grounds presented in the petition* or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

8

>    (B)(i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987-89. Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken *each one* to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)) (emphasis supplied).

9

Moreover, a petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.[3] The Court of Appeals for the Third Circuit guided that, "exhaustion is [presumed] not possible [only if] the state court . . . find[s] the claims procedurally defaulted" and a state court review is, therefore, unavailable. Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989). In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims.[4] Lambert, 134 F.3d

---

[3] "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted). While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last State court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262; see also Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999).

[4] Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the
(continued...)

at 516; Christy, 115 F.3d at 207.  Most importantly, "unless [an actual] state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for non-exhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Lambert, 134 F.3d at 517.  For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds.  The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief.  Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification.  The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court.  The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the

---

[4](...continued)
federal contentions raised, or where exhaustion in state court would be futile.'"  Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.

11

procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[5]  The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default."  Toulson, 987 F.2d at 989; compare Cabrera v. Barbo, 175 F.3d 307, 312-314 (3d Cir. 1999) (affirming dismissal of claims as procedurally defaulted after a New Jersey court had *in fact refused* to consider the petitioner's federal claims because they were procedurally barred).

Since, in the case at bar, the Petition is (1) "mixed," as a result of Petitioner's proper exhaustion of only one claim but full failure to exhaust three out of four remaining claims (and partial failure to exhaust the forth remaining claim); and (2) no state court has concluded that Petitioner is procedurally barred from raising his unexhausted claims, this Court is precluded from

---

[5] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

reviewing Petitioner's instant § 2254 Petition because Petitioner's unexhausted claims are subject to the exhaustion requirement.

**B.     Stay-and-Abeyance**

The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions, see 28 U.S.C. § 2244(d), however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court set forth the limitations of the stay-and-abeyance rule in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district

13

> court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Notably, even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc").

14

But the time when this Court issued its April Order, Petitioner was not facing the issue of a possible time-bar if this Court were to dismiss the Petition as unexhausted: there was no timeliness concerns since Petitioner's direct appeal and PCR proceedings have tolled the limitations period under 28 U.S.C. § 2244(d)(2), and Petitioner's one year limitation period was still running and would have been tolled upon Petitioner's proper filing of application for review of his unexhausted claims with the State court,[6] thus preserving Petitioner's opportunity to return to this Court for a collateral review, had a need for this Court's collateral review arisen.  Accordingly, in this Court's April Order, the Court dismissed the Petition without prejudice and without granting stay of the Petition.

However, Petitioner's apparent good-faith misunderstanding of this Court's April Order, as reflected by Petitioner's Motion filed at the end of June, 2007, resulted in a procrastination which might render Petitioner's next § 2254 petition, if filed, time-barred (if Petitioner's application for post-conviction relief to the State court seeking review of the claims that Petitioner failed to present to every level of the State court but raises in the instant Petition, is denied on procedural grounds after Petitioner's 1-year

---

[6] Petitioner's one-year period of limitation to seek a § 2254 habeas review began running on September 6, 2006. See Lawrence v. Florida, 127 S. Ct. 1079 (2007); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

15

AEDPA limitation period expires). Since Petitioner's good-faith misunderstanding of the exhaustion issue ensued from Petitioner's reading of the Court's April Order, a stay of the Petition appears to be warranted while Petitioner seeks a post-conviction review with the State court of his unexhausted claims.[7] Accord Graf v. Moore, 214 Fed. Appx. 253 (3d Cir. 2007) (grant of equitable tolling or resort to an analogous measure might be warranted where the district court's dismissal could mislead the petitioner and jeopardize an otherwise timely habeas petition).

This Court will explicitly condition the stay on Petitioner's pursuing state court remedies within 30 days after the stay is entered and returning to federal court within 30 days after state court exhaustion is completed. See Rhines, 544 U.S. at 278.

---

[7]

This Court, however, expressly notes that the Court makes **no** finding as to the fact that Petitioner's claims are actually meritorious. Moreover, the record before this Court prevents the Court from determining whether Petitioner's unexhausted claims are "potentially" meritorious.

Therefore, the validity of Petitioner's claims should be determined by the State courts and--if Petitioner timely returns to this Court and reopens his instant § 2254 application upon due exhaustion of his claims--by this Court when the Court is presented with a full record and has an opportunity to assess the merits of Petitioner's claims.

**CONCLUSION**

Based on the foregoing, the Court will stay the Petition and hold it in abeyance while Petitioner exhausts his unexhausted claims.

/s/   Katharine   S.   Hayden

---
**Katharine S. Hayden**
**United States District Judge**

Dated:   10/19/07

17